NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENBIN LIU,<br><br>          Petitioner,<br><br>  v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>          Respondent. | No.   18-73026<br><br>Agency No. A077-317-081<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2021[**]
Pasadena, California

Before:  M. SMITH, MURGUIA, and OWENS, Circuit Judges.

Petitioner Wenbin Liu, a native and citizen of China, petitions for review of

the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from

the Immigration Judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's "denials of asylum, withholding of removal, and CAT relief for substantial evidence," *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotation marks omitted), we deny the petition.

1. To qualify for asylum, Liu must show past persecution or a well-founded fear of future persecution on account of a protected ground. 8 U.S.C. §§ 1101(a)(42), 1158(b); 8 C.F.R. § 1208.13(b). Substantial evidence supports the agency's conclusion that Liu did not show past persecution or a well-founded fear of persecution in China on account of his religion.

Liu argues that his arrest, detention, assault, and release conditions show that he experienced past persecution in China. The record, however, does not compel that conclusion. *See Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir. 1998) (explaining that under substantial evidence review, the agency's determination can be reversed only where "the record compels" the conclusion that the requisite fear of persecution existed) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)). Liu is correct that in deciding whether a finding of persecution is compelled, we look to the totality of the circumstances experienced by the petitioner. *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). Liu's past harm closely mirrors the past harm suffered by the petitioner in *Gu v. Gonzales*, 454 F.3d 1014 (9th Cir. 2006), where this court concluded "that the evidence [did] not compel a result

2

contrary to the BIA's." *Gu*, 545 F.3d at 1021. Here, as the BIA recognized, Liu was mistreated. But, because Liu is unable to meaningfully distinguish his arrest, detention, assault, and release conditions from the harms the petitioner suffered in *Gu*, the agency's conclusion that Liu's past harm did not rise to the level of persecution is supported by substantial evidence. *See Singh v. INS*, 134 F.3d 962, 967–68 (9th Cir. 1998) (noting that comparing similar cases is "perhaps [the] best" way to answer the heavily fact-dependent question whether mistreatment rises to the level of persecution); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (holding that "[a]lthough a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so").

Liu also failed to establish a well-founded fear of persecution, which must be "subjectively genuine and objectively reasonable." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (citation omitted). The objective component can be established by "adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (citation omitted), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). Liu has not shown that his fear was objectively reasonable with credible, direct, and specific evidence. Therefore, the agency's denial of Liu's application for asylum is

3

supported by substantial evidence.

2. To qualify for withholding of removal, Liu must establish a clear probability that he would be persecuted on account of a protected ground if removed to China. *Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000); 8 U.S.C. § 1231(b)(3)(A). Because the "clear probability" standard for withholding of removal is more stringent than the well-founded fear standard for asylum, *see Navas*, 217 F.3d at 655, where an applicant fails to establish eligibility for asylum, Liu necessarily fails to establish eligibility under the more stringent standard for withholding of removal, *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). Therefore, the agency's denial of Liu's application for withholding of removal is supported by substantial evidence.

3. To qualify for CAT relief Liu must show that it is more likely than not that he will be tortured if returned to China. *See* 8 C.F.R. § 1208.16(c)(2). Although failure to establish eligibility for asylum "does not necessarily doom" an application for CAT protection, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), this court has noted that "torture is more severe than persecution and the standard of proof for the CAT claim is higher than the standard of proof for an asylum claim," *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). Because the record does not compel a finding that Liu has a well-founded fear of future persecution, the record does not compel a finding that Liu would more likely than not be tortured if

removed to China.  Therefore, the agency's denial of Liu's application for CAT relief is supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**